UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JOHN DEMOS,

                Plaintiff,

     -against-

JOHN DOE/CHAIRMAN
COLGATE-PALMOLIVE,

                Defendant.
----------------------------------------------------------x

**MEMORANDUM
AND ORDER**
05-CV- 5998 (DGT)

TRAGER, United States District Judge.

By order dated July 19, 2002, this Court barred plaintiff from filing any further *in forma pauperis* complaints without obtaining leave of Court while he is in prison unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Demos v. Gerstner et al., 02-CV-1722 (DGT).

Discussion

Plaintiff, currently incarcerated at Washington State Penitentiary, seeks to file a new complaint pursuant to 42 U.S.C. § 1983 against the Chairman of Colgate Palmolive. Plaintiff alleges that using Irish Spring soap caused him psychological, emotional, mental and physical harm. Complaint at 3, ¶ IV. Plaintiff's complaint is frivolous, and his allegations do not satisfy the "imminent danger" requirement of § 1915(g), as he does not allege that he is presently in imminent danger. See Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002) (imminent danger exception applies only when danger of serious physical injury exists at the time complaint is filed). Therefore, the complaint, filed *in forma pauperis*, is barred under 28 U.S.C. § 1915(g).

1



Even if plaintiff was not barred under § 1915(g), the complaint would be dismissed under 28 U.S.C. § 1915 (e)(2)(B). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

In addition, a claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)). For plaintiff to succeed on his § 1983 complaint, he must first establish that the conduct of the named defendant is "fairly attributable to the State." American Manufacturers Mutual Insurance Co., 526 U.S. at 50. Colgate Palmolive is a private company whose conduct cannot be fairly attributed to the state, accordingly plaintiff does not present a cognizable claim under § 1983.

Moreover, plaintiff has a long history of filing frivolous lawsuits nationwide.[1] Plaintiff once again demonstrates that neither his lack of success in filing these submissions nor the warnings of federal Courts will deter him from filing frivolous and repetitive proceedings. See Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) ("[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.") Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) ("district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel.") (internal quotation and citation marks omitted)); see also Malley v. New York City Bd. of Educ., 112 F.3d 69, 69 (2d Cir. 1997); In re Sassower, 20 F.3d 42, 44 (2d Cir. Judicial Council 1994) ("the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints").

---

[1] See Demos v. Keating, No. 01-6339, 2002 WL 121562 (10th Cir. Jan. 30, 2002) (appeal dismissed as frivolous, and directing plaintiff to seek leave of court prior to filing any new actions, by order dated Jan. 30. 2002); Demos v. Time Magazine, 977 F.2d 588 (9th Cir. 1992) (affirming district court's dismissal under 1915 (d), by order dated October 5, 1992); Demos v. Crossland, 967 F.2d 585 (9th Cir. 1992) (affirming district court's dismissal as frivolous, by order dated June 18, 1992); Demos v. Browning, 943 F.2d 55 (9th Cir. 1991) (affirming district court's dismissal as frivolous, by order dated September 10, 1991); Demos v. U.S. Dist. Court for E. Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991) (petitioner barred from filing any new petitions seeking extraordinary writs, by order dated February 7, 1991); Demos v. John Doe, 118 F. Supp.2d 172 (D.Conn. April 28, 2000) (dismissed pursuant to 28 U.S.C. § 1915(g), by order dated April 28, 2000); Demos v. Shalala, 1994 WL 238840 (D.D.C. May 16, 1994) (dismissed pursuant to 28 U.S.C. § 1915(d),and directing plaintiff to seek leave of court prior to filing any new actions, by order dated November 16, 1994); Demos v. John Doe, 94-CV-8351 (S.D.N.Y.) (dismissed pursuant to 28 U.S.C. § 1915(d), by order dated November 16, 1994); Demos v. John Doe, 94-CV-6479 (S.D.N.Y.) (dismissed pursuant to 28 U.S.C. § 1915(d), by order dated September 8, 1994).

## Conclusion

Accordingly, plaintiff's complaint is dismissed because he fails to comply with the imminent danger requirement set forth in 28 U.S.C. § 1915(g). The Court's Order barring plaintiff from filing future *in forma pauperis* complaints under 28 U.S.C. § 1915(g) remains in effect. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

                                            DAVID G. TRAGER
                                            United States District Judge

Dated: Brooklyn, New York
      December 29, 2005